be so incorporated, and that the defendants, the owners, did not consent to its erection. The findings of fact were overruled and reversed by the Appellate Division and new findings of fact and conclusions of law were made to the effect that the ice box was constructed with the consent of the owners of the fee, and was intended to and did become a fixture of the realty.

*George L. Stamm* for appellants.

*William F. Kimber* and *Alfred R. Bunnell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

SAM STERN, Respondent, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

*Carriers — action to recover money delivered to express company for transmission to foreign country, a receipt showing delivery to payee not having been returned to sender.*

*Stern v. Barrett*, 202 App. Div. 830, affirmed.

(Submitted March 16, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1922, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff. The complaint alleged that upon the 25th day of April, 1916, the plaintiff delivered to defendant the sum of $154 with instructions to transmit the said amount to one Stern Salomone, Szasoka, Beregmegye, and that thereafter, and about the 25th day of July, 1916, the plaintiff delivered to the defendant the sum of $67, with instructions to transmit the said moneys to the same person; that defendant undertook and guaranteed to transmit the amounts as aforesaid to the person aforementioned and to furnish the plaintiff with a receipt showing delivery of said moneys to the

said person or to refund the said amounts to the plaintiff; that the defendant has not furnished this plaintiff with a receipt showing delivery of the said moneys to the person above named, although duly demanded, and there is now due and owing from defendant to the plaintiff the sum of $221, no part of which has been paid, although duly demanded.

*Kenneth E. Stockton* and *George M. Billings,* for appellant.

*Henry C. Moses* and *Henry J. Harkavy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

JAMES CONNELLY, Appellant, *v.* CUNARD STEAMSHIP COMPANY, LTD., Respondent.

*Negligence — master and servant — ships and shipping — longshoreman working in hold of vessel injured by fall of draft of cargo owing to breaking of chain.*

*Connelly* v. *Cunard Steamship Co.,* 203 App. Div. 884, affirmed. (Argued March 19, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1922, affirming a judgment in favor of defendant entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff was working as a longshoreman in one of the holds of the defendant's steamship *Vellavia,* stowing railroad rails, which were being put on board from a lighter alongside. There were two rails in each draft, held together in a chain sling. The rails were from forty-five to sixty feet in length and weighed about 1,500 pounds each. While one of these drafts, consisting of two rails, was being lowered, and after it had been swung on board from the lighter, and while directly over the hatch and being lowered, the lower end of the rails being then about three feet below the coamings